Hoffman, J., concurring
{¶107} I fully concur in the majority's analysis and disposition of Appellant's first, second, third, fourth, fifth, seventh, and eighth assignments of error.
{¶108} I further concur in the majority's disposition of Appellant's sixth assignment of error. However, I disagree the spare tire at issue qualifies as a "hidden compartment" under R.C. 2923.241(A)(2)(b).
{¶109} The majority finds, "A spare tire clearly falls under the original factory equipment of a vehicle even though, as noted, the spare at issue was not the actual spare from the Kia in this case." (Maj. Op. at ¶ 68, emphasis added).
{¶110} While the spare tire may or may not have been original factory equipment of a vehicle,[3] it seems equally clear it was not original factory equipment on the Kia.
{¶111} I do agree with the majority the spare tire does meet the definition in R.C. 2923.241(A)(2)(c) because it is a "compartment, space, box or other closed container added to the [Kia]." (Maj. Op. at ¶ 68, emphasis in original). While read in its entirety, I believe the focus of subsection (c) is on a closed container attached or otherwise integrated into the vehicle, the use by the legislature of the word "added" broadens the reach of the statute beyond the alteration or modification of the vehicle and beyond the mere attachment or integration of the closed container to the vehicle.
{¶112} However, I submit the focus or intent the legislature had in enacting subsection (c) is somewhat academic in this case given the even broader definition of "hidden compartment" found in R.C. 2923.241(A)(2), which reads:
"Hidden compartment" means a container, space, or enclosure that conceals, hides, or otherwise prevents the discovery of the contents of the container, space, or enclosure. "Hidden compartment" includes, but is not limited to, any of the following, * * * (Emphasis added).
{¶113} Accordingly, as long as the spare tire meets the broader definition of "hidden container" as set forth above, it need not meet the listed examples set forth in R.C. 2923.241(A)(2)(a), (b), or (c).
{¶114} The violation occurs under R.C. 2923.241(C) when a person knowing operates, possesses, or uses a vehicle with a hidden compartment. Because Appellant herein possessed or used the Kia with a hidden compartment, the evidence supports Appellant's conviction on this charge.
{¶115} I hasten to note such interpretation may go far beyond what the legislature envisioned or originally intended by enactment of the statute. I submit transportation of drugs in any container which conceals, hides, or otherwise prevents the discovery of drugs placed therein and then placed it in the vehicle results in a violation of the statute. This would include drugs placed in any opaque container; for example, a cooler or a purse if placed *1093 anywhere in the vehicle. Perhaps further case law will limit such expansive interpretation of the statue if the legislature chooses not to do so itself.

The spare tire may not have been original factory equipment of any vehicle. It may have been purchased separately from a tire manufacturer rather than the manufacture of the vehicle.